IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DTWW Hospitality, LLC, a Texas Limited Liability Company,** § § § § § § § § § § § § § § § | **COMPLAINT** **(JURY TRIAL DEMANDED)** | |
| *Plaintiff,* | | |
| v. | C<small>IVIL</small> A<small>CTION</small> N<small>O</small>. _____ | |
| **ANGRY CRAB SHACK CORPORATION,** an Arizona Corporation and, **ANGRY CRAB SHACK BBQ, LLC,** an Arizona Limited Liability Company | | |
| *Defendants.* | | |

Plaintiff DTWW Hospitality, LLC, ("DTWW") files this Original Complaint against Defendants Angry Crab Shack Corporation ("ACSC") and Angry Crab Shack BBQ, LLC ("ACSB") and would for cause of action respectfully show unto the Court the following:

T<small>HE</small> P<small>ARTIES</small>

1. Plaintiff DTWW is a Texas limited liability company formed on October 19, 2020, with the filed assumed name of Angry Crab and has its principal place of business located at 2575 S Dairy Ashford Road, Suite A, Houston, TX 77077.

2. Defendant ACSC is an Arizona corporation formed on March 10, 2014, with its principal place of business at 3800 North Central Avenue, Suite 460, Phoenix, AZ 85012. CT Corporation System is its statutory agent.

3. Defendant ACSB is an Arizona limited liability company formed on March 10, 2014, with its principal place of business at 3800 North Central Avenue, Suite 460, Phoenix, AZ 85012. CT Corporation System is its statutory agent.

N<small>ATURE OF</small> A<small>CTION</small>

4. This action arises under 15 U.S.C. §§ 1 and 2, 15 U.S.C. § 1051 *et seq.* ("the

Lanham Act"), 28 U.S.C. § 2201, and the common law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), 1367 (supplemental jurisdiction over state law and common law claims), 2201 (declaratory judgments) and 2202 (further relief).

6. This Court also has jurisdiction over this action under 28 U.S.C. § 1332 because the parties to this action are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. The Defendants' conduct (via its misuse of its trademark rights and demand letters to Plaintiff) and planned transaction of business in Texas, specifically the intention to open Angry Crab Shack and/or Angry Crab Shack BBQ restaurants in Texas, confer this Court with jurisdiction over the Defendants under Texas law, specifically TEX. CIV. PRAC. & REM. CODE § 17.042.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as the Plaintiff resides in this District, and a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

9. DTWW is a small local startup that was inspired by the Angry Birds game to open and operate a small Asian Cajun seafood restaurant called the "Angry Crab" that would feature a unique Bobo Tea bar and focus on take-out orders given the COVID-19 pandemic.

10. On or around October 30, 2020, the members of DTWW obtained and began using the domain name www.angrycrabhtx.com for the benefit of DTWW, and thereafter marketed on social media (for example on Facebook) the planned restaurant and menu.

11. On or around April 27, 2021, the members of DTWW developed and created the

service mark below (for the benefit of DTWW):



12. This mark is distinct and unique.

13. On or around July 21, 2021, DTWW began to prominently use the Angry Crab mark as well as the domain name www.angrycrabhtx.com, in commerce as DTWW through its members created buzz in the Houston community as to Plaintiff's planned opening on October 10, 2021.

14. On October 10, 2021, Plaintiff opened its small and predominately take-out restaurant, called the Angry Crab, to the local Houston community and has served and provided great food and Bobo Tea to the local Houston community ever since.

15. Upon information and belief, Defendants are engaged in the seafood restaurant business with the niche theme of its large restaurants resembling a shack, ironically substantially similar to Joe's Crab Shack. Upon information and belief, in 2017, Defendants began franchising its restaurants. As part of its franchise expansion, Defendants claim at some point in 2021 they intended to expand into Texas and open two restaurants in Texas with the closest one to Houston being in Humble, Texas.

16. On January 12, 2016, Defendants obtained a federal trademark from the United States Patent and Trademark Office's ("PTO") as to the following:



17. On January 12, 2016, Defendants also obtained a federal trademark for the USPTO as to the following:



18. On March 8, 2016, Defendants obtained a federal trademark from the USPTO as to the following:

Angry Crab Shack

19. On or about October 16, 2018, Defendants obtained a federal trademark from the USPTO as to the following:

ANGRY CRAB SHACK

20. A review of both the Texas Secretary of State's records and the PTO's Trademark Electronic Search System ("TESS") unequivocally demonstrates that there was no existing service trademark for "Angry Crab" or "Angry Crab HTX" before DTWW's first use in commerce in the Houston, Texas market.

21. As such, DTWW's first use of its marks in the Houston area is senior to Defendants.

22. Despite not ever filing for the Angry Crab or Angry Crab HTX marks, or using the same in Houston, Texas, upon information and belief, Defendants nonetheless claim to have absolute and unqualified rights to the term "Angry Crab".

23. Defendants claim is without merit as: 1) Plaintiff's use of the specific term Angry Crab and Angry Crab HTX (which is different than Angry Crab Shack and Angry Crab Shack and BBQ) in the Houston, Texas area is senior to Defendants; 2) at bottom, the term Angry Crab (without more) is generic or descriptive and incapable of serving as an indicator of source; and 3) consumers are unlikely to confuse the Defendants' marks with Plaintiff's distinctive marks and tradename.

24. Defendants have targeted certain small businesses, including the Plaintiff, for alleged trademark infringement even though their marks are specific and quite different, the term Angry Crab without more is generic, descriptive and/or otherwise invalid and there is no likelihood of confusion between Plaintiff's small mom and pop restaurant with unique Bobo Tea bar and the Defendants' large shack motif restaurants using Defendants' specific marks.

25. Upon information and belief, Defendants bullied and forced a settlement with a restaurant owned by a small business called the Angry Crab in Chicago and bullied and forced a settlement a food truck business in another geographic location that named its food truck Angry Crab.

26. In such cases, Defendants filed suit but did not file for an injunction, and for good reason, as Defendants know they cannot show a likelihood of success on the merits.

27. Given Defendants' bullying tactics and clear attempt to put out of business a hardworking and successful small locally owned Houstonian business, the filing of this action is necessitated to protect not just Plaintiff, but all small and locally owned businesses in the interests of fairness and justice.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment for Non-Infringement of Trademarks)**

28. The allegations of paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. DTWW's first use of its marks, including the term/tradename Angry Crab and Angry Crab HTX in the Houston area are senior to Defendants.

30. Defendants do not have a registered trademark in the term Angry Crab or Angry Crab HTX.

31. Any germane prior third-party registrations or common law commercial uses of Angry Crab confine the scope of Defendants' U.S. trademark registrations. That is, Defendants cannot reasonably contend that its alleged marks cover all names for restaurants and food and beverage goods and services in which Angry Crab is a term. Indeed, Defendants' use of the term Angry Crab is substantially modified by their use of the other terms in its marks such as Shack and BBQ. Additionally, or alternatively, any applicable prior usages and/or any registrations by third parties demonstrate that the term Angry Crab (without more) is generic or descriptive for a restaurant selling and serving seafood including arguably spicy seafood, and therefore the term Angry Crab alone (without more) is not protectable as a trademark, and marks using Angry Crab in part are at best entitled to only a literal scope of protection.

32. Because the common term in Defendants' marks is the generic or descriptive term Angry Crab, the issue regarding non-infringement becomes focused upon the modifiers: the term Shack and BBQ for Defendants as well as Plaintiff's unique logo and use of the term Angry Crab. It is highly unlikely that any customer would be confused between Angry Crab or Angry Crab HTX which suggests the operation of a local seafood restaurant, and Angry Crab Shack or Angry Crab Shack and BBQ, which suggests a specific type of seafood restaurant (in a shack) or a seafood restaurant that also serves BBQ. Any likelihood of confusion is further dispelled by Plaintiff's

6

prominent display of its dominant and distinctive mark which is used on Plaintiff's signage and menus and has been used prior to any use Defendants may claim in the Houston, Texas market.

33. In late November 2021, Defendants' attorney directed a letter to Plaintiff, in which Defendants claimed that Plaintiff's use of its mark and trade name was creating a likelihood of consumer confusion and a false association, endorsement, and sponsorship with Defendants' restaurants despite there being no such restaurant in Houston. Defendants erroneously asserted that they have the "exclusive right" to use the term Angry Crab nationwide claimed Plaintiff's committed trademark infringement. Defendants further threatened to take enforcement action if Plaintiff did not agree to change its name.

34. Since that time, despite good faith efforts by Plaintiff and its attorneys to resolve the dispute, the parties have been unable to resolve their differences. On several occasions, the Defendants have threatened to file a lawsuit against Plaintiff for its use of its mark and trade name.

35. As a result of Defendants' actions, Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendants as a result of Plaintiff's use of its trade name and mark.

36. Under all the circumstances, there is an actual and substantial controversy between Plaintiff and Defendants, Plaintiff and Defendants have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37. The Plaintiff seeks a declaratory judgment from this Court that the Plaintiff's use of its Angry Crab and Angry Crab HTX trade name and mark as described herein does not infringe or dilute any trademarks owned by the Defendants does not violate any rights of the Defendants and does not cause any damage to the Defendants.

38. Because there is no likelihood of confusion, Defendants have not and could not suffer any damage from Plaintiff's proper use of its Angry Crab and Angry Crab HTX trade name

and mark in connection with its small take-out centric restaurant with unique Bobo Tea bar and sales to the consuming public in the Houston, Texas market.

39. In sum, Plaintiff requests this Court and jury find that Plaintiff's use of Angry Crab and Angry HTX (as well as the logo used to identify its restaurant) is not likely to cause confusion, mistake, or to deceive as required in 15 U.S.C. § 1114(1)(a).

**SECOND CAUSE OF ACTION**
**(Unfair Competition and Deceptive Trade Practices**
**under the Common Law and the Lanham Act)**

40. The allegations of paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. Upon information and belief, Defendants have relied upon its specific marks, which are quite different than Plaintiff's (as well as innocent others), to target and extract settlements unfairly from other small businesses. Defendants' conduct constitutes unfair and/or deceptive acts in trade, which adversely impact the public interest and are capable of repetition by others.

42. Indeed, relying on marks in which Plaintiff is the senior user, or in which said term is generic, descriptive, and otherwise unenforceable, Defendants have engaged in unfair business practices by advancing improper, inequitable, impermissible trademark infringement allegations and unfair business practices against Plaintiff.

43. Defendants' impermissible, abusive, improper, and inequitable misconduct is knowingly, willful and intentional, making this an "exceptional case" under U.S. Trademark Law.

44. Defendants' conduct has adversely impacted and continues to adversely impact, the public interest because it had and has the specific intent of eliminating Plaintiff as a local provider of restaurant services, thereby leaving the public with fewer choices of seafood restaurants in the local Houston market.

45. Defendants' acts have been committed with the intent, purpose, and effect of

procuring an unfair competitive advantage over Plaintiff.

46. Defendants' unfair and deceptive conduct was done knowingly and/or willfully, and Plaintiff has been injured by such conduct.

47. Defendants' aforementioned acts constitute unfair competition under the common law.

48. Defendants' advance of meritless claims in a scheme to exact unfounded and baseless settlements from Plaintiff and other similarly situated "Angry Crab" businesses, or else, to put such businesses out of business, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.

49. Defendant's acts as alleged constitute unfair competition, unfair practices, false representation, and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and to Plaintiff's business.

### THIRD CAUSE OF ACTION
### (Trademark Misuse)

50. The allegations of paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51. Defendants have engaged in a scheme of advancing groundless trademark infringement claims based upon the invalid, generic, and otherwise unenforceable alleged marks.

52. Defendants' concerted conduct complained of herein constitutes an improper and illegal restraint of trade or commerce in contravention of federal antitrust statutes, 15 U.S.C. § 1 and 2, entitling Plaintiff to recover treble damages, punitive damages, costs, and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(a) For a declaratory judgment that the Plaintiff's use of the term "Angry Crab" and

"Angry Crab HTX" as described herein is not likely to cause confusion, mistake or to deceive, does not infringe upon or dilute any trademarks owned by the Defendants, does not violate any rights of the Defendants, and does not cause any damage to the Defendants; and

(b)     For judgment against Defendants in the amount of Plaintiff's attorney's fees and costs incurred in this action; all damages incurred by Plaintiff as a proximate result of Defendants' conduct in threatening Plaintiff with filing a lawsuit alleging infringement of the alleged marks; and treble damages under federal antitrust statutes; and

(c)     For a finding that Defendants' conduct in the threatened trademark infringement lawsuit constitutes willful, inequitable, and impermissible conduct entitling Plaintiff to damages attorney's fees and enhanced (treble) damages; and

(d)     Awarding such other and further relief as this Court may deem just and proper.

DATED: February 7, 2022

        Respectfully submitted,

        **BOGC LEGAL, PLLC**

    By: */s/ Brian M. Gargano*
        Brian M. Gargano (Attorney-in-Charge)
        Federal Bar No. 3082070
        Brian.Gargano@bogclegal.com
        Jiangang "James" Ou
        Federal Bar No. 3435797
        James.Ou@bogclegal.com
        3040 Post Oak Blvd, Suite 1800-150
        Houston, Texas 77056
        Telephone: (713) 970-1066
        Fax: (713) 580-9518

        *Counsel for Plaintiff DTWW Hospitality*